**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| APRIL BAILEY | : |
| | : |
| v. | : **CIVIL ACTION** |
| | : |
| | : |
| SPEEDWAY, LLC D/B/A SPEEDWAY #06799, | : **NO.** |
| CINQUETTA ROUSE, SPEEDWAY, LLC and | : |
| SPEEDWAY SUPERAMERICA, LLC | : |

**NOTICE OF REMOVAL**

**TO:   THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**I.     PREAMBLE**

Speedway LLC and Cinquetta Rouse (hereinafter: "Speedway" and "Ms. Rouse", and/or collectively "defendants"), defendants in the matter of *April Bailey v. Speedway LLC, et al.*, pending in the Court of Common Pleas, Philadelphia County, 220701924, hereby file this Notice pursuant to 28 U.S.C. §§ 1441(b) and 1446 to remove the action to the United States District Court for the Eastern District of Pennsylvania, based on plaintiffs' fraudulent joinder of non-diverse defendant, Cinquetta Rouse.  The grounds for removal are more particularly stated as follows:

**II.    COMPLAINT AND DEFENDANTS' ANSWER WITH NEW MATTER**

1.     On or about July 22, 2022, plaintiff, April Bailey, commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania.  (A true and correct copy of plaintiffs' Complaint is attached hereto as Exhibit "A").

2.     Plaintiff alleges in her Complaint that on December 4, 2021, she was a business invitee at a Speedway convenience store located at 1801 West Hunting Park Avenue, Philadelphia, Pennsylvania, when she tripped over a cover to an underground fuel storage tank.  *See* Exhibit "A", ¶¶ 6-10.

1

3.      In the caption of her Complaint, plaintiff named Speedway LLC (albeit incorrectly as Speedway, LLC, Store #06799) as a defendant.  *Id.*

4.      Plaintiff also named an individual employee of Speedway, Cinquetta Rouse, as a defendant.  *Id.*

5.      In Count I of her Complaint, plaintiff set forth allegations against Speedway sounding in negligence, including that it was negligent and/or careless for failing to maintain and repair the walkway, failing to monitor or inspect the walkway, failing to provide sufficient warning as to the nature of the walkway, failing to barricade the walkway, failing to exercise due and reasonable care, failure to comply with all applicable building codes, failing to exercise proper care, custody and control, failing to inspect and repair known defects, failing to remove a dangerous condition, failing to repair the walkway, failing to prevent and cure the presence of a defective walkway, and failing to properly repair the walkway in accordance with Philadelphia Code. *Id.*at Count I, ¶¶ 11-18.

6.      In Count II of her Complaint against Ms. Rouse, plaintiff asserted identical allegations, all beginning with the word "failure" or "failing."  *Id.* at Count II, ¶¶ 19-26.

7.      The remainder of the Complaint is also devoid of allegations against defendant Ms. Rouse in her personal and individual capacity, including her position or role at the subject Speedway store.  *Id., generally.*

8.      More importantly, plaintiff did not include allegations in her Complaint of Ms. Rouse's active involvement in causing the incident because they are unable to do so.  *Id.*

9.      Based on the absence of any allegations, whatsoever, against Ms. Rouse's as to her direct involvement in causing the subject incident, it is clear that plaintiff included her as a

defendant in this lawsuit merely to destroy diversity; therefore, the defendants have a meritorious basis for filing this Notice of Removal pursuant to 28 U.S.C. § 1441(b).

III.     **THIS COURT HAS JURISDICTION OVER THIS LAWSUIT**

10.     28 U.S.C. § 1441(a) authorizes a defendant to remove to federal court any civil action brought in a state court in which the district courts of the United States have original jurisdiction.

11.     Pursuant to 28 U.S.C. § 1446, "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal. . . containing a short and plain statement of the grounds for removal."

12.     This Court has original jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332 because the non-fraudulent party, Speedway, is diverse and because the amount in controversy set forth in the *ad damnun* clauses of plaintiff's Complaint is "in excess of $75,000."[1] *See* Exhibit "A."

A.     **The Amount in Controversy Exceeds $75,000**

13.     It is clear from the allegations contained in plaintiffs' Complaint and from plaintiffs' pre-suit settlement demand that the amount in controversy in this matter exceeds the required $75,000 threshold set forth in 28 U.S.C. § 1332.

14.     In her Complaint, plaintiff alleges that as a result of plaintiff's event at the Speedway Store, she suffered "serious and permanent personal… serious disfigurement… and

---

[1]  In Pennsylvania, the standard pleading practice is to set forth an amount in controversy that is greater than or less than $50,000.  This amount distinguishes the lawsuit from being placed in the Compulsory Arbitration program.  The fact that plaintiff demanded an amount in controversy in excess this Court's jurisdictional limit supports the removal of this lawsuit to the District Court.

injuries to the back, butt and right leg, as well as a sprained right ankle, all to Plaintiff's great loss and detriment." *See* Exhibit "A," at ¶ 14.

15.    Plaintiff also alleges economic damages for medical treatment and wage loss and loss of earning capacity. *Id.* at ¶¶ 17-18.

16.    Generally, determining whether a claim exceeds the statutory threshold requires looking at the Complaint itself. *Ochman v. Wyo. Seminary*, 2012 U.S. Dist. LEXIS 69770, *7 (M.D. Pa. May 18, 2012) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). *See also Golden v. Golden*, 382 F.3d 348, 354 (3d Cir. 2004) (indicating that the amount in controversy "need not be proven; rather the amount is judged from the face of the complaint and is generally established by good faith allegation").

17.    In cases in which the demand for damages is an open-ended, indeterminative value, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Ochman*, *supra* at *7-8 (citing *Angus*, 989 F.2d at 146).

18.    Therefore, the allegations contained in plaintiff's Complaint alone substantiate that the amount in controversy in this matter exceeds the $75,000 threshold.

**B.    There is Complete Diversity Due to Plaintiff's Fraudulent Joinder of the Uninvolved Individual Defendant, Cinquetta Rouse**

19.    Ignoring the citizenship of the fraudulently joined non-diverse defendant, Cinquetta Rouse, there is complete diversity between defendant, Speedway, and plaintiff; therefore, this case is removable to the Federal Court.

20.    In analyzing whether the plaintiff acted fraudulently by joining defendant, Ms. Rouse, in this lawsuit, the Court is to "focus on the plaintiff's complaint at the time the petition for removal was filed." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). However,

4

a court may look beyond just the allegations in the pleading to identify indicia of fraudulent joinder. *In re Briscoe*, 448 F.3d 201, 218-20 (3d Cir. 2006) (In conducting a jurisdictional analysis, there is "no reason to preclude a district court from a limited consideration of reliable evidence that the defendant may proffer to support the removal"). *See also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (indicating that a court may "pierce the pleadings" and look beyond the allegations to identify indicia of fraudulent joinder).

21.     If the District Court determines that the joinder was "fraudulent" in the sense that a defendant was named or joined solely to defeat diversity "the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *In re Briscoe*, 448 F. 3d 201, 216 (3d Cir. 2006).

22.     Per her Complaint, plaintiff is a citizen of the Commonwealth of Pennsylvania residing at 2420 North Natrona Street, Philadelphia, Pennsylvania. *See* Exhibit "A," at ¶ 1.

23.     The defendant, Speedway, is a citizen of the States of Delaware and Ohio, by virtue of being a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Ohio. The defendant's sole member is SEI Speedway Holdings, LLC, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Texas. SEI Speedway Holdings, LLC is wholly owned by 7-Eleven, Inc., a Texas corporation, with its principal place of business in Texas.

24.     The individual defendant, Cinquetta Rouse is alleged to be a citizen and resident of Pennsylvania. *See* Exhibit "A," at ¶ 3.

25.     However, Ms. Rouse's citizenship should not be considered, as it is clear that she was included in this lawsuit as a defendant solely for the purpose of defeating diversity.

26.     The Third Circuit has stated that fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F. 3d at 216.

27.     The District Court must consider the Complaint at the time the notice of removal was filed and accept all factual allegations in the complaint as true. *See Batoff*, 977 F.2d at 851-52.

28.     Examination of the plaintiff's claims on a motion to remand is less probing than on a motion to dismiss. *Id.* at 852.

29.     To demonstrate a defendant was fraudulently joined, the removing party may proceed under either an objective or subjective test. *Ahern v. BJ's Wholesale Club, Inc.*, 2020 U.S. Dist. LEXIS 47320 at *3.

30.     Under the objective test, fraudulent joinder is found where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant. *Whitham v. Walmart Stores E., LP*, 2021 U.S. Dist. LEXIS 195891 at *6; *Avicolli v. BJ's Wholesale Club*, 2021 U.S. Dist. LEXIS 53104 at *5-6; *Ahern*, 2020 U.S. Dist. 47320 *citing Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111-12 (3d Cir. 1990).

31.     Under the subjective test, the removing party may establish that the plaintiff has "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* at *4 *citing Boyer*, 913 F.2d at 111.

32.     In Pennsylvania, "employees of a corporation are liable for their own torts, even if they were acting within the scope of their employment when they engaged in the tortious conduct in question." *Hricik v. Stryker Biotech, LLC*, 89 F. Supp. 3d 694, 700 (E.D. Pa. 2015).

33.     Corporate employees can accordingly be held personally liable if they actively "participate[d] in the wrongful acts," which allows for liability against employees for negligent and intentional misfeasance. *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 470 A.2d 86, 90 (Pa. 1983); *Hricik*, 89 F. Supp. 3d at 701.

34.     Employees cannot, however, be held liable for nonfeasance. *Hricik*, 89 F. Supp. 3d at 701.

35.     In case directly analogous to the case *sub judice*, this Court recently found fraudulent joinder exists and a colorable tort claim does not, when the employee did not actively participate in creating the risk which led to the injury.  *See Whitman*, 2021 U.S. Dist. LEXIS 195891 at *11-12; *Avicolli*, 2021 U.S. Dist. LEXIS 53104 at *14-15.

36.     The fraudulent joinder inquiry turns on the nature of the plaintiff's specific allegations. *Jackson v. Burlington Coat Factory*, 2017 U.S. Dist. LEXIS 131233 at *3.

37.     Fraudulent joinder is undoubtedly present in this case because the Complaint is devoid of any reasonable basis in fact or colorable ground supporting the joinder of the individual defendant who simply works at the subject Speedway store.  *See Batoff*, 977 F.2d at 851.

38.     Notably, in her Complaint, plaintiff's allegations of negligence against Ms. Rouse, and Speedway are the same, identical boilerplate allegations, all of which indicate each failed to do something, not that either actively created a condition; thereby, not setting forth the "participation" requirement as to how Ms. Rouse directed, participated in, or cooperated with the negligent conduct.

39.     Instead, plaintiff's boilerplate allegations against Ms. Rouse rise to the level of only "mere nonfeasance" instead of "misfeasance," the latter of which permits claims against an employee while the former does not.  Every allegation against Ms. Rouse is that she failed to act, which means she did not act overtly in an improper way.  *See* Exhibit "A," at ¶ 19 (a-m).

40.     Plaintiff's Complaint also lacks any specific allegations that Ms. Rouse committed any independent acts of negligence that caused or contributed to plaintiff's injuries and damages— including that she was present at the time of the incident, that she personally placed or instructed the placement of the object over which plaintiff allegedly fell; therefore, plaintiffs failed to plead a viable cause of action against Ms. Rouse.

41.     The boilerplate allegations set forth in the Complaint are nothing more than threadbare allegations of nonfeasance against the individual defendant, Ms. Rouse; thus, this demonstrates a lack of good faith intent to pursue any claims against Ms. Rouse and the inability to do so.

42.     A plain reading of plaintiff's Complaint reveals it does not pass muster under either the objective test or subjective test; consequently, fraudulent joinder is a foregone conclusion.

43.     Therefore, as plaintiff clearly included Cinquetta Rouse as a defendant in this lawsuit in order to destroy diversity, complete diversity exists, and the case is removable.  Stated more simply, this Court has subject matter jurisdiction over this lawsuit.

## IV.   <u>REMOVAL IS TIMELY</u>

44.     Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based".

45.     Defendant, Speedway LLC, was served with plaintiff's Complaint by way of personal service via process server on or about August 9, 2022.

46.     The deadline for the defendant, Speedway LLC, to file this Notice of Removal is thirty days from August 9, 2022, or September 8, 2022; thus, removal is timely.

## V.    PROPER PROCEDURE IS FOLLOWED

47.     In accordance with 28 U.S.C. § 1446(a), the defendants have attached a copy of all process, pleadings, and orders served upon it in this action.

48.     After filing this Notice of Removal, the defendants will file a copy with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania, and will provide Notice of Removal to the Adverse Party, as provided by 28 U.S.C. § 1446(d).

Respectfully submitted,

**RICCI TYRRELL JOHNSON & GREY**

By:    /s/ *Michael T. Droogan, Jr.*

MICHAEL T. DROOGAN, JR., ESQUIRE
NICHOLAS E. SULPIZIO, ESQUIRE
Attorneys for Defendants,
Speedway LLC (incorrectly identified as
Speedway, LLC d/b/a Speedway #06799,
Speedway, LLC and Speedway
Superamerica, LLC) and Cinquetta Rouse

DATE:  August 25, 2022

## CERTIFICATE OF SERVICE

I, Michael T. Droogan, Jr., Esquire, hereby certify that true and correct copies of the foregoing Notice of Removal has been electronically served on August 25, 2022.

**RICCI TYRRELL JOHNSON & GREY**

By: ___/s/ **Michael T. Droogan, Jr.**___
          MICHAEL T. DROOGAN, JR., ESQUIRE
          NICHOLAS E. SULPIZIO, ESQUIRE
          Attorneys for Defendants,
          Speedway LLC (incorrectly identified as
          Speedway, LLC d/b/a Speedway #06799,
          Speedway, LLC and Speedway
          Superamerica, LLC) and Cinquetta Rouse