E
X
H
I
B
I
T



 

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

*Filed and Attested by the Office of Judicial Records 22 JUL 2022 11:01 am S. RICE*

**SIMON & SIMON, P.C.**
BY:   Marc I. Simon, Esquire          Christopher Green, Esquire
      Joshua A. Rosen, Esquire         Kane Daly, Esquire
      Matthew J. Zamites, Esquire      Brittany Sturges, Esquire
      Brian F. George, Esquire         Kelly Peterson, Esquire
      Andrew Baron, Esquire            Roman Galas, Esquire
      Joshua Baer, Esquire             Christopher Burruezo, Esquire
      Michael K. Simon, Esquire        Anthony Canale, Esquire
      Sam Reznik, Esquire              Sam Gangemi, Esquire
      Mary G. McCarthy, Esquire        Blaise Richards, Esquire
      Harry Gosnear, Esquire           Abigail Boyd, Esquire
      Daniel Ward, Esquire             Ari Sliffman, Esquire

      Attorney ID No.'s:                *Attorneys for Plaintiff*
      *201798*
      18 Campus Blvd., Suite 100
      Newtown Square, PA 19073
      (215-467-4666)

| | |
|---|---|
| April Bailey | : IN THE COURT OF COMMON PLEAS |
| 2420 North Natrona St. | : PHILADELPHIA COUNTY |
| Philadelphia, PA 19132 | : July Term 2022 |
| Plaintiff | : No. |
| vs. | : |
| | : |
| Speedway, LLC d/b/a Speedway #06799 | : |
| 1801 W Hunting Park Ave. | : |
| Philadelphia, PA 19140 | : |
| And | : |
| Cinquetta Rouse | : |
| 1801 W Hunting Park Ave. | : |
| Philadelphia, PA 19140 | : |
| And | : |
| Speedway, LLC | : |
| 500 Speedway Dr. | : |
| Enon, OH 45323 | : |
| And | : |
| Speedway Superamerica, LLC | : |
| 500 Speedway Dr. | : |
| Enon, OH 45323 | : |
| Defendants | : |

Case ID: 220701924

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone:  (215) 238-6300**

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación.    Hace    falta    asentar    una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.    SI    NO    TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO    A    LA    OFICINA    CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-6300**

Case ID: 220701924

## COMPLAINT

1. Plaintiff, April Bailey, is resident and citizen of the Commonwealth of Pennsylvania, residing at the address set forth in the caption of this Complaint.

2. Upon information and belief, Defendant, Speedway, LLC d/b/a Speedway #06799, is a business entity in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 1801 W Hunting Park Ave., in Philadelphia, PA.

3. Upon information and belief, Defendant, Cinquetta Rouse, is a resident of the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 1801 W Hunting Park Ave., in Philadelphia, PA.

4. Upon information and belief, Defendant, Speedway, LLC, is a business entity in the State of Ohio with a business address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 1801 W Hunting Park Ave., in Philadelphia, PA.

5. Upon information and belief, Defendant, Speedway Superamerica, LLC, is a business entity in the State of Ohio with a business address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 1801 W Hunting Park Ave., in Philadelphia, PA.

6. At all times material hereto, Defendants were acting individually, jointly and/or by and through his agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care

Case ID: 220701924

and control of the premises located at 1801 W Hunting Park Ave., in Philadelphia, PA, collectively referred to hereinafter as "the premises."

7.      On or about December 4, 2021, at approximately 6:00 p.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

8.      At all times relevant hereto, Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

9.      On or about December 4, 2021, while on Defendants' premises, Plaintiff was caused to trip and fall over a defective cover of a fuel storage tank, which was a defect/dangerous condition in/on/of the walkway , on the premises, causing serious and permanent personal injuries on account of which this action is brought.

10.     At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the Plaintiff's injuries.

<u>COUNT I</u>
**April Bailey v Speedway, LLC d/b/a Speedway #06799**
**Personal Injury – Negligence**

11.     The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.   Failure to design, construct, maintain, and/or repair the walkway and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.   Failure to properly monitor, test, inspect or clean the walkway and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the walkway and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the defective and/or dangerous area of the walkway and/or other areas on the premises;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the walkway and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.      Failure to repair the walkway and/or other areas on the premises;

k.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained walkway which the Defendant improperly permitted to exist and remain on the premises;

l.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained walkway , so as to cause unreasonable risk of harm to pedestrians on the premises; and

m.      Failing to properly and adequately repair the walkway on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

12.      Upon information and belief, Defendant had specific knowledge of an ongoing problem with the walkway of the premises where Plaintiff fell.

13.      The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained walkway on the premises, causing the premises to be unsafe.

14.      As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the back, butt and right leg, as well as a sprained right ankle, all to Plaintiff's great loss and detriment.

15.      As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

16.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

17.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, April Bailey, demands judgment in Plaintiff's favor and against Defendant, Speedway, LLC d/b/a Speedway #06799, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT II
### April Bailey v Cinquetta Rouse
### Personal Injury – Negligence

19. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.     Failure to design, construct, maintain, and/or repair the walkway and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.     Failure to properly monitor, test, inspect or clean the walkway  and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.  Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the walkway and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.  Failure to barricade and/or block-off the defective and/or dangerous area of the walkway and/or other areas on the premises;

e.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the walkway  and/or other areas on the premises;

f.  Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.  Failure to repair the walkway and/or other areas on the premises;

k.  Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained walkway which the Defendant improperly permitted to exist and remain on the premises;

l.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective

and poorly maintained walkway , so as to cause unreasonable risk of harm to

pedestrians on the premises; and

m.      Failing to properly and adequately repair the walkway on the "premises" in

accordance with Philadelphia Code, other applicable codes and regulations, the

common law, and/or their respective contractual responsibilities.

20.     Upon information and belief, Defendant had specific knowledge of an ongoing problem

with the walkway of the premises where Plaintiff fell.

21.     The negligence and/or carelessness of the Defendant was the direct and sole cause of the

poorly maintained walkway on the premises, causing the premises to be unsafe.

22.     As a direct and consequential result of the negligent and/or careless conduct of the

Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries,

serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of

pre-existing conditions, and others ills and injuries, including to the back, butt and right leg, as well as a

sprained right ankle, all to Plaintiff's great loss and detriment.

23.     As a result of these injuries, all of which are permanent in nature and all of which are to

Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future

suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has

suffered emotional injuries, along with the physical injuries suffered.

25.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in

the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and

detriment.

Case ID: 220701924

26.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, April Bailey, demands judgment in Plaintiff's favor and against Defendant, Cinquetta Rouse, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT III
### April Bailey v Speedway, LLC
### Personal Injury – Negligence

27. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.      Failure to design, construct, maintain, and/or repair the walkway and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.      Failure to properly monitor, test, inspect or clean the walkway  and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.      Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the walkway and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.      Failure to barricade and/or block-off the defective and/or dangerous area of the walkway and/or other areas on the premises;

e.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the walkway  and/or other areas on the premises;

f.  Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.  Failure to repair the walkway and/or other areas on the premises;

k.  Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained walkway which the Defendant improperly permitted to exist and remain on the premises;

l.  Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained walkway , so as to cause unreasonable risk of harm to pedestrians on the premises; and

m.  Failing to properly and adequately repair the walkway on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

28.     Upon information and belief, Defendant had specific knowledge of an ongoing problem with the walkway of the premises where Plaintiff fell.

29.     The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained walkway on the premises, causing the premises to be unsafe.

30.     As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the back, butt and right leg, as well as a sprained right ankle, all to Plaintiff's great loss and detriment.

31.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, April Bailey, demands judgment in Plaintiff's favor and against Defendant, Speedway, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT IV
**April Bailey v Speedway Superamerica, LLC**
**Personal Injury – Negligence**

35. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.   Failure to design, construct, maintain, and/or repair the walkway and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.   Failure to properly monitor, test, inspect or clean the walkway and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the walkway and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the defective and/or dangerous area of the walkway and/or other areas on the premises;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the walkway and/or other areas on the premises;

Case ID: 220701924

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.   Failure to repair the walkway and/or other areas on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained walkway which the Defendant improperly permitted to exist and remain on the premises;

l.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained walkway , so as to cause unreasonable risk of harm to pedestrians on the premises; and

m.   Failing to properly and adequately repair the walkway on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

36.   Upon information and belief, Defendant had specific knowledge of an ongoing problem with the walkway of the premises where Plaintiff fell.

37.   The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained walkway on the premises, causing the premises to be unsafe.

38.     As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the back, butt and right leg, as well as a sprained right ankle, all to Plaintiff's great loss and detriment.

39.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

40.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

41.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

42.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, April Bailey, demands judgment in Plaintiff's favor and against Defendant, Speedway Superamerica, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY:_____/s_____
                Marc I. Simon, Esquire
                Simon & Simon, P.C.
                *Attorney for Plaintiffs*

## **VERIFICATION**

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.